ACCEPTED
03-14-00463-CV
8103727
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/4/2015 5:06:26 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00463-CV

| | | |
|---|---|---|
| DON & CAROL TITEL, | § | IN THE THIRD |
| Appellants | | |
| | § | COURT OF APPEALS, |
| v. | | |
| | § | TEXAS |
| MORRIS & LISA MELCHOR, | | |
| Appellees | § | |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/4/2015 5:06:26 PM
JEFFREY D. KYLE
Clerk

## MOTION FOR REHEARING

Comes now Appellants, by and through counsel, to move the Court to reconsider its opinion rendered in this case on Nov. 18, 2015. As grounds therefor, Counsel would show:

**1.      Misapprehension of Facts in the Summary Judgment Proofs**

In its opinion, the Court relied upon to evidentiary points in reaching its decision. Specifically, these involved the lack of summary judgment evidence on two points:

A. <u>No right of Control of Occupiers.</u>

At page 3 of its opinion, the Court states, "[A]ppellants cite no evidence in the record demonstrating any right of appellees to control Jeremy and Edwards's care of the Melchor Property or any exercise of actual control by them over the care of the property." Appellants respectfully direct attention to the following portions of Appellants' brief and reply brief where such evidence was cited:

1

1) Footnote 11 (Jeremy allowed to live on property at Appellees' pleasure)

2) Footnote 14 (Jeremy could be kicked off property at any time)

3) Footnote 15 (Appellees' intent was to fix up home for eventual resale)

4) Footnote 16 (Appellees' intent was to provide a good home for grandchildren)

5) Footnotes 27 & 28 (controlled electric service for the first year)

6) Footnotes 24 & 25 (paid contractors, controlled repairs and new construction)

7) Footnote 33 (Appellee Lisa Melchor was present on the property for months)

8) Footnote 26 (Appellees' stored equipment for their business on the property)

B. No Agency.

The Court's opinion cites *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 685 (Tex. 2007) for the proposition that an agency must be "undertaken to further principal's objectives." (Opinion at p. 3). Since the Appellees stated their son's primary incentive for managing the property was to provide a good home for children, it follows that he was their agent *for that purpose*. This responsibility defines the scope of the agency. Thus, as regards the

safety, comfort, and support of children at least, Jeremy was the owner's agent in charge of the property and all persons invited thereon.

Appellants submit that the *mere fact of ownership* granted Appellees absolute power over anyone using their property. That alone gave them control over all persons and activities unless there was a lease limiting those powers. But this was not a lease situation. While Jeremy claimed to be leasing, there was other evidence there was no lease therefore making all persons in control of the property mere licensees. There was no written lease,[1] and the Appellee's insurance policies made it clear theirs was not a tenant occupied property. The declarations page and the definitions in the policy made a distinction between "immediate family" occupied and "tenant occupied" properties.[2] Furthermore a separate liability policy covering their property at the time of the fire showed it covered as an "additional residence," belonging to Appellees.[3]

The summary judgment evidence need not be conclusive, but merely establish more a genuine issue of fact. That Appellees retained title and a position to assert control at any time is undisputed, and this alone should be sufficient to create a jury question in the absence of conclusive proof of an arm's length landlord/tenant relationship. To give additional authority made Jeremy and his

---

[1] Joi Nelson Depo. 96 (CR 812); Jeremy Melchor Depo. 19:13-15 (SCR 466).
[2] See Germania Policy declarations page and relevant portions of the policy (CR 73-75).
[3] The relevant declaration page appears at CR 621-22).

3

girlfriend their agents.  The record is replete with proof that Appellees gave *carte blanche* authority to Jeremy to do as he pleased.[4]  Appellees *could* have exercised control to regulate all use of the property.  Choosing not to should not absolve them of responsibility for the acts of their agents carried on there.

PRAYER

WHEREFORE, Defendant prays this court reverse the summary judgment.

Respectfully submitted,

Paul C. Velte  IV
Attorney for Appellants
109 E. Hopkins St., Ste. 204
San Marcos, TX  78666
512-353-2299
512-476-9504 FAX
Email:  velte@ptexans.com
Bar #20541700

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this document upon Jay Lea, Counsel for Appellee, Naman, Howell, Smith & Lee, 8310 Capital of Texas Hwy. North, Ste. 490, Austin, TX  78731, by facsimile transmission this date to:  512-474-1901 or by e-service.

---

[4] For example, Jeremy tore down a fence--being constructed by a neighbor--ostensibly for encroaching on the property line.  This is clearly not the act of a mere tenant or licensee, but that of an agent acting with an owner's authority.  *See*, Jose Rodriguez Depo. 14:22-16:2 (CR 321-23).

4

Paul C. Velte IV

CERTIFICATE OF LENGTH

I hereby certify that the length of this motion is 709 words total, as shown by word processor.

Paul C. Velte IV